1  LESLIE M. HILL (D.C. Bar No. 476008)
   Environmental Defense Section
2  leslie.hill@usdoj.gov
   (202) 514-0375
3  JACQUELINE M. LEONARD (NY Bar No. 5020474)
   Natural Resources Section
4  jacqueline.leonard@usdoj.gov
   (202) 305-0493
5  Environment & Natural Resources Division
   United States Department of Justice
6  P.O. Box 7611
   Ben Franklin Station
7  Washington, D.C. 20044-7611
8
9  *Attorneys for Federal Defendants*

10         UNITED STATES DISTRICT COURT
11     FOR THE NORTHERN DISTRICT OF CALIFORNIA
              SAN FRANCISCO DIVISION
12

13

14  SAN FRANCISCO BAY CONSERVATION, AND
    DEVELOPMENT COMMISSION,
15
                                              Case No. 3:16-cv-05420-RS-JCS
          Plaintiff,
16
                                              **FEDERAL DEFENDANTS' RESPONSE TO
17        and                                 THE WESTERN STATES PETROLEUM
                                              ASSOCIATION'S MOTION FOR LEAVE
18  SAN FRANCISCO BAYKEEPER,                  TO FILE PROPOSED *AMICUS CURIAE*
                                              BRIEF**
19        Plaintiff-Intervenor,
20        v.
21  U.S. ARMY CORPS OF ENGINEERS, *et al*.
22        Federal Defendants.
23

24        Pursuant to Civil L.R. 7-3(b), Defendants United States Army Corps of Engineers; Lieutenant

25  General Todd T. Semonite, in his official capacity as Chief Engineer and Commanding General of the

26

27

28

                                              1

United States Army Corps of Engineers; Lieutenant Colonel John D. Cunningham,[1] in his official capacity as District Engineer of the San Francisco District of the United States Army Corps of Engineers; and Rickey Dale James, in his official capacity as Assistant Secretary of the Army for Civil Works (collectively, the "Corps") provide their response to the Motion by Western States Petroleum Association ("WSPA") for Leave to File Proposed *Amicus Curiae* Brief (Dkt. No. 97-1) ("Mot.").[2]

Courts reviewing an agency decision are limited to the administrative record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Nat'l Audubon Soc'y v. U.S. Forest Serv.*, 46 F.3d 1437, 1447 (9th Cir. 1993); *see also* 5 U.S.C. § 706 (courts "shall review the whole record or those parts of it cited by a party . . ."). When there is a contemporaneous explanation of the agency decision, the validity of that action must "stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review," and thus "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973) (per curiam). While *amicus curiae* participation can be allowed where the *amicus* has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999), it does not allow the Court to consider information outside the record before it or extra-record evidence, absent one of the four "narrow exceptions" in *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). *See* Fed. Defs.' Opp'n to Pls.' Joint Mot. to Suppl. the Administrative R. at 3 (Dkt. No. 93) ("Defs.' Opp'n").

Here, WSPA requests the Court find that its "detailed amicus curiae brief provides substantive factual information on the economic impacts and navigational challenges resulting from [the Corps' Course of Action #2 ("COA #2")]." WSPA Proposed Order at 1 (Dkt. No. 97-2); *see also* Mot. at 2

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Lieutenant Colonel Travis J. Rayfield's successor, Lieutenant Colonel John D. Cunningham, in his official capacity as District Engineer of the San Francisco District of the United States Army Corps of Engineers, is automatically substituted as a defendant in this case.

[2] There is no inherent right to file an *amicus curiae* brief with the Court. It is left entirely to the discretion of the Court. "The term 'amicus curiae' means friend of the court, not friend of a party." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

(noting that WSPA members offer "additional unique perspective on the evidence that is already in the record."). However, WSPA does not attach documents and instead asks the Court to consider its various unsupported factual allegations about economic impact to area refineries:

- Providing information about the total loss of depth in Richmond Outer Harbor during "no-dredging years" and speculation about the resulting impact on ship capacity (Mot. at 11);

- Allegations that deferred dredging leads to increased shoaling and narrowing of existing channels, causing vessel owners and operators to resort to light-loading (*id.* at 10-11);

- Claims about modifications to shipping operations and speculation about increased percentages in ship deliveries to make up for lost shipping volumes caused by the alleged need to light-load vessels (*id.*);

- Broad reference to oil refiners' concerns about adjustments resulting from physical changes to shipping channels allegedly resulting from deferred dredging (*id.* at 8); and

- Reporting on the depths of Pinole Shoal Channel in 2018 and 2019 (*id.* at 10).

These factual assertions by WSPA do not "supplement the parties' arguments," *High Sierra Hikers Ass'n v. U.S. Dep't of Interior*, No. C 09-04621 RS, 2012 WL 1933744, at *2 n.1 (N.D. Cal. May 29, 2012), *vacated in part*, No. C 09-04621 RS, 2012 WL 3067896 (N.D. Cal. July 27, 2012), but instead represent an attempt to inject unsupported evidence into the record that postdates the final agency action in this case. As previously noted by Magistrate Judge Spero, "the Corps "[can]not be faulted for failing to consider documents that did not yet exist at the time of its decision." Order Regarding Motion to Complete and/or Supplement Administrative Record at 7 (Dkt. No. 76). WSPA's representation that this evidence is "already in the record," Mot. at 2, is false. WSPA cannot evade the prohibition on consideration of extra-record evidence outside the *Lands Council* exceptions by imbedding the evidence in its brief as unsupported statements of fact.[3]

Consideration of information outside the administrative record is impermissible. For the Court to consider WSPA's evidence, the only legitimate path would have been intervention by WSPA and participation in the motions practice regarding supplementation and consideration of extra-record

---

[3] The Local Rules also require factual contention to be supported by an affidavit. Civil L.R. 7-5(a) ("Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record.").

evidence. That briefing began in March 2018 and concluded May 14, 2019 with Plaintiffs' reply brief (Dkt. No. 95). The hearing in this long-running matter, which was filed in September 2016, is set for July 18, 2019. Dkt. Nos. 1 & 87. Thus, even if WSPA had presented a motion for the Court to consider its extra-record evidence, it would have been untimely. WSPA offers no explanation for its considerable delay, and therefore its motion could also be denied as untimely. *See Leigh v. Engle*, 535 F. Supp. 418, 420-22 (N.D. Ill. 1982) (denying the Secretary of Labor's motion for leave to file an *amicus curiae* brief because, *inter alia*, "[i]n the more than three years of court proceedings, no interest in this litigation has ever been expressed by the Department . . .."). Moreover, such a procedural motion would have required participation as a party, not an *amicus curiae*.[4]

In addition to its efforts to have this Court consider extra-record evidence, WSPA also seeks to persuade this Court through legal argument. Its motion dedicates over a page length's discussion of a case from the Northern District of Ohio, engaging in legal analysis that goes beyond the arguments made by Plaintiffs, and asks the Court to consider extra-record evidence in light of what WSPA deems to be the basis of the Ohio court's ruling. *See* Mot. at 3-5. An *amicus curiae* is "not a party to the action, and to that end, an *amicus* may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues." *In re Dynamic Random Access Memory Antitrust Litig.*, No. M 02-1486 PJH, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007).[5]

---

[4] "An amicus curiae is not a party to litigation," and courts "rarely give[ ] party prerogatives to those not formal parties"; "[a] petition to intervene and its express or tacit grant are prerequisites to this treatment." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). *Amici* do not have the prerogatives of a proper party, such as filing a motion to consider extra-record evidence. *WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1228 (D. Or. 2019) (noting "obvious distinctions between parties and amici" (quoting *United States v. Oregon*, 745 F.2d 550, 553 (9th Cir. 1984))), *appeal dismissed*, No. 19-35178, 2019 WL 2613191 (9th Cir. June 12, 2019) *and appeal dismissed*, Nos. 19-35179 and 19-35227, 2019 WL 2552333 (9th Cir. June 13, 2019).

[5] An additional perspective that shows the impropriety of the instant motion is provided by the fact that, should this Court grant the WSPA's motion, any subsequent request for *amici* attorney fees would be unsupportable. The record contains adequate evidence of the economic impacts considered by the Corps prior to adopting Course of Action #2. The evidence proffered in WSPA's brief will not aid the Court in any way that the administrative record and the parties cannot. WSPA would therefore not be entitled to *amici* attorney fees. *See Miller-Wohl Co.*, 694 F.2d at 204-05 ("To require the unbenefited plaintiff . . . to pay these amici attorney fees would conflict with the rationale of the [equitable] exception and is impermissible.").

4

Fed. Defs.' Resp. to WSPA Mot. for Leave to File *Amicus Curiae* Br.                3:16-cv-05420-RS-JCS

WSPA's motion purports to offer a unique perspective to supplement the parties' fully briefed arguments, but it in fact advances its own, unique legal arguments and extra-record evidence in an attempt to act as a quasi-party.  WSPA's motion is neither timely nor useful, prerequisites for this Court's consideration of friend of the court briefs.  *See Long*, 49 F. Supp. 2d at 1178.  Accordingly, there are sufficient grounds for the Court to deny the motion.


Respectfully submitted,

Date:  July 2, 2019


*/s/ Leslie M. Hill*
Leslie M. Hill
Jacqueline M. Leonard
United States Department of Justice
Environment & Natural Resources Division

*Attorneys for Federal Defendants*

5

Fed. Defs.' Resp. to WSPA Mot. for Leave to File *Amicus Curiae* Br.                    3:16-cv-05420-RS-JCS