PILLSBURY WINTHROP SHAW PITTMAN LLP
WAYNE M. WHITLOCK (SBN 130163)
Wayne.whitlock@pillsburylaw.com
MARK E. ELLIOTT (SBN 157759)
Mark.elliott@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone:  650.233.4528
Facsimile:   650.233.4545

MARGARET ROSEGAY (SBN 96963)
Margaret.rosegay@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1305
Facsimile:  415.983.1200

Attorneys for Amicus Curiae,
WESTERN STATES PETROLEUM ASSOCIATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAN FRANCISCO BAY CONSERVATION AND DEVELOPMENT COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>SAN FRANCISCO BAYKEEPER<br><br>Plaintiff-Intervenor<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; et al.,<br><br>Defendants. | Case No. 3:16-cv-05420-RS<br><br>**WESTERN STATES PETROLEUM ASSOCIATION'S REPLY TO FEDERAL DEFENDANTS' RESPONSE OPPOSING MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**<br><br>Hearing Date: July 18, 2019<br>Hearing Time: 1:30 p.m.<br>Courtroom:    3, 17th Floor<br><br>Hon. Richard G. Seeborg |

Pursuant to Northern District of California Civil Local Rule 7-3(c), the Western States Petroleum Association ("WSPA") hereby replies to the U.S. Army Corps of Engineers' ("Corps") Response to WSPA's motion for leave to file its proposed *amicus curiae* brief in this matter (Dkt. No. 99) ("Opposition").

The Corps opposes WSPA's motion on two grounds. First, it claims that WSPA's proposed *amicus* brief impermissibly introduces unsupported "extra-record" evidence of the economic and navigational impacts to WSPA members resulting from the Corps' decision to suspend annual dredging of two deep draft navigation channels in the San Francisco Bay. Second, the Corps claims that WSPA's proposed *amicus* brief impermissibly engages in legal analysis that goes beyond Plaintiffs' legal arguments by summarizing the court's discussion of economic impacts of deferred dredging in *Ohio v. U.S. Army Corps of Engineers*, 259 F.Supp.3d 732 (N.D. Ohio 2017) ("*Ohio*").

The Corps mischaracterizes WSPA's position. As WSPA clearly stated in both its Motion for Leave to File *Amicus Curiae* Brief (Dkt. No. 97, "Motion") and its Proposed *Amicus* Brief (Dkt. No. 97-1), WSPA takes no position on the legal issues underlying the dispute between the parties. Instead, WSPA seeks to inform this Court of the serious adverse economic and navigational impacts to its members' operations in the Bay Area resulting from the Corps' decision to defer annual dredging of the Richmond Outer Harbor and Pinole Shoal Channel. To that end, WSPA's proposed *amicus* brief relies extensively on evidence in the record to provide WSPA's unique perspective on these serious impacts. Rather than presenting new legal arguments, WSPA merely summarizes the consideration of economic impacts in the *Ohio* case, relied upon by Plaintiffs. WSPA's purpose in offering this summary is to provide context for WSPA's presentation of economic impacts in the event this Court takes up Plaintiffs' legal arguments and considers the economic impacts of deferred dredging.

-1-

WSPA'S REPLY TO FEDERAL DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF
Case No. 3:16-cv-05420-RS

## I. THE PROPOSED *AMICUS CURIAE* BRIEF PROVIDES WSPA'S UNIQUE PERSPECTIVE ON EVIDENCE IN THE RECORD REGARDING THE SERIOUS ECONOMIC AND NAVIGATIONAL IMPACTS OF DEFERRED DREDGING

The Corps argues that WSPA's proposed *amicus* brief improperly includes extra-record evidence of the economic and navigational impacts of deferred dredging in the Richmond Outer Harbor and Pinole Shoal Channel. *See* Opposition at 2-4 (Dkt. No. 99). In particular, the Corps claims that WSPA's proposed *amicus* brief represents "an attempt to inject unsupported evidence into the record that postdates the final agency action in this case." *Id.* at 3.

WSPA is mindful of the rules applicable to extra-record evidence and the limits of district court review and has purposely crafted its proposed *amicus* brief to rely almost exclusively on direct citations to the administrative record. Indeed, virtually all of the factual statements in the brief relating to economic and navigational impacts are associated with and supported by direct citations to the administrative record. The few statements that do not include specific record citations serve to elaborate on and/or provide examples of the very type of evidence that is already included in the record. For example, WSPA's proposed *amicus* brief includes specific information regarding depth loss in the Richmond Outer Harbor due to deferred dredging that specifically impacts WSPA members. *See* Proposed *Amicus* Brief at 11 (Dkt. No. 97-1). This information provides the Court with WSPA's perspective on the implications of the information in the record; it directly relates to and elaborates on abundant information in the record regarding the Corps' own estimates that deferred dredging would lead to loss of depth in the affected channels, causing significant adverse economic and navigational impacts on the Bay Area petroleum industry. *Id.* at. 9-10.

District courts generally have "broad discretion" to appoint *amici curiae*. *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir. 1982) (abrogated on other grounds

-2-

WSPA'S REPLY TO FEDERAL DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF
Case No. 3:16-cv-05420-RS

by *Sandin v. Conner,* 515 U.S. 472 (1995)); *see also Cmty. Ass'n. for Restoration of Env't. v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999) ("*CARE*") (the privilege of being heard as *amicus* "rests in the discretion of the court.")[1] An *amicus* brief should "normally be allowed" when, among other considerations, "the amicus has unique information or perspective that can help the court beyond the help that that the lawyers for the parties are able to provide" (*CARE,* at 975), or if the *amicus* brief "concern[s] legal issues that have potential ramifications beyond the parties directly involved" (*NGV Gaming, Ltd. v. Upstream Point Molate, LLC,* 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005)); s*ee also Duronslet v. County of Los Angeles*, 2017 WL 5643144, at * 1 (C.D. Cal. 2017) (noting that "most courts have granted amicus participation" when the *amicus* offers "unique information or perspective," and finding it "'preferable to err on the side of' permitting such briefs"); *Jamul Action Committee v. Chaudhuri*, 2015 WL 1802813, at *2 (E.D. Cal. 2015) (noting that "courts in general liberally allow the filing of amicus briefs").

If WSPA merely repeated information already in the record, it would not be providing unique information and its perspective or demonstrating the potential ramifications of this dispute beyond the involvement of Plaintiffs and Defendant. As called for in *CARE* and *NVG Gaming*, WSPA's proposed *amicus* brief presents WSPA's unique information and perspective on the ramifications of this dispute, *i.e.,* the serious economic and navigational impacts on WSPA members' operations in the Bay Area resulting from the Corps' decision to defer dredging in the Richmond Outer Harbor and Pinole Shoal Channel. WSPA's proposed *amicus* brief elaborates on the abundant information already in the record detailing these adverse economic and navigational impacts, including shoaling and draft loss in the

---

[1] An *amicus* need not meet "strict prerequisites," but must merely "make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990).)

channels; increased vessel traffic; and increases in vessel transportation costs due to light-loading (see Proposed *Amicus* Brief at 9-10 (Dkt. No. 97-1)), while providing additional detail and examples of how such impacts specifically affect Bay Area petroleum refiners.

## II.     WSPA'S PROPOSED *AMICUS CURIAE* BRIEF DOES NOT IMPERMISSIBLY EXPAND PLAINTIFFS' LEGAL ANALYSIS

The Corps claims that WSPA's proposed *amicus* brief impermissibly extends Plaintiffs' legal arguments by describing the discussion of economic impacts of deferred dredging in the *Ohio* case. According to the Corps, by summarizing the economic impacts discussion in *Ohio*, WSPA "seeks to persuade this Court through legal argument" and "engage[s] in legal analysis that goes beyond the arguments made by Plaintiffs." Opposition at 4 (Dkt. No. 99). That is simply incorrect.

As WSPA stated in its Motion and proposed *amicus* brief, WSPA's members are caught in the middle of the dispute between the parties whose actions significantly affect them. WSPA takes no position on the legal issues involved in the dispute. *See* Motion at 1 (Dkt. No. 97); Proposed *Amicus* Brief at 2 (Dkt. No. 97-1). Instead, WSPA seeks to provide the Court with its unique perspective on how its members are being adversely affected, and will continue to be adversely affected, by the Corps' decision to suspend annual dredging in the Richmond Outer Harbor and Pinole Shoal Channel.

Accordingly, WSPA's proposed *amicus* brief asks the Court to consider adverse economic and navigational impacts *only to the extent* that the Court takes a position on the legal arguments presented in Plaintiff and Plaintiff-Intervenor's Joint Motion for Summary Judgment (Dkt. No. 88). *See* Proposed *Amicus* Brief at 3, 5 (Dkt. No. 97-1). WSPA does not ask the Court to consider new or expanded legal arguments beyond those Plaintiff and Plaintiff-Intervenors advanced in their Joint Motion for Summary Judgment; instead, the proposed *amicus* brief describes the *Ohio* court's consideration of adverse economic consequences of the Corps' deferred dredging in

-4-

WSPA'S REPLY TO FEDERAL DEFENDANTS' OPPOSITION
TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF
Case No. 3:16-cv-05420-RS

Cleveland Harbor to provide context for presentation of WSPA's perspective on similar impacts from deferred dredging in San Francisco Bay. Rather than supporting the *Ohio* analysis, therefore, WSPA merely asks that the Court consider similar adverse economic impacts on WSPA members "in the event it follows the analysis of the *Ohio* court." *Id.* at 5.

In any case, even if the Court were to agree with the Corps that WSPA has provided additional legal "analysis" and argument in its proposed *amicus* brief, rather than a discussion of the economic factors that are similar to those considered by the *Ohio* court, such analysis is not necessarily prohibited. Courts have allowed *amici* to supplement or underscore the parties' legal arguments in their *amicus* briefs. *See, e.g., Funbus Systems, Inc. v. State of Cal. Public Utilities Com'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (noting that "tak[ing] a legal position and present[ing] legal arguments in support of it" is "a perfectly permissible role for an amicus"); *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indust., State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (noting that the "classic" role of *amicus curiae* is to "supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration"); *see also Missouri v. Harris*, 2014 WL 2987284, at *3 (E.D. Cal 2014) (granting *amici* leave to file *amicus* brief because the brief provided "focused legal analysis on two issues relevant to defendants' and defendant-intervenors' motion to dismiss").

Finally, WSPA's motion is timely. It was submitted before the close of briefing, and, as demonstrated above, is entirely consistent with the accepted role of *amicus* as a "friend of the court" (*Long v. Coast Resorts, Inc.*, 49 F.Supp.2d 1177, 1178 (D. Nev. 1999))—not as an intervenor as the Corps asserts. WSPA's proposed *amicus* brief timely seeks to provide the Court with its members' unique perspective on the serious economic and navigational impacts of the Corps' decision to defer dredging in the San Francisco Bay, relying extensively on evidence in the administrative record.

For the foregoing reasons, WSPA respectfully requests that the Court grant its motion for leave to file its proposed *amicus curiae* brief.

Date: July 9, 2019                              Respectfully submitted,

                                        By:   */s/ Wayne M. Whitlock*
                                              Wayne M. Whitlock

                                              Attorneys for Amicus Curiae
                                              WESTERN STATES PETROLEUM
                                              ASSOCIATION